**SO ORDERED.**

**SIGNED this 07th day of May, 2008.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| ROY GONZALES JR. & GINGER GONZALES | 07-53386-C |
| *DEBTORS* | CHAPTER 13 |

### ORDER ON MOTION FOR NEW TRIAL REGARDING OBJECTION TO CLAIM OF WELLS FARGO BANK, N.A.

CAME ON for consideration the foregoing matter. Wells Fargo Bank, N.A., a creditor in this proceeding, seeks relief from an order entered by this court on March 31, 2008 sustaining an objection filed by the debtors to the bank's proof of claim. The objection went to pre-petition arrearages asserted by Wells Fargo on home mortgage. The proof of claim included a component for attorneys' fees of $855.62, allegedly for costs incurred relating to a foreclosure. The debtors said that they were not in fact in foreclosure, and so objected to this component of the claim. The debtors asked that the arrearage claim be reduced from $7,058.36 to $6,202.74. Because the bank did not timely respond to the objection (which had negative notice), the court granted the objection.

The bank now wants relief from the order sustaining the objection. It filed a response within 10 days of the entry of the order, so the motion is governed by Rule 9023 of the Federal Rules of Bankruptcy Procedure (which incorporates Rule 59 of the Federal Rules of Civil Procedure). The bank offers no explanation for its not timely responding to the objection. Instead, it says that the court should, in equity, grant it relief because "[t]he Court's ultimate goal of obtaining justice for every party demands that the finality of the Court's rulings must yield to the equities of the particular case in order that the rulings might reflect the true merits of the case. Simply allowing an Order to stand just because it was entered by default cannot and does not do justice for any party." Motion, at 2 (citation omitted).

Rule 59 entrusts the decision to set aside a judgment to the sound discretion of the trial court. The court is in no way *required* to grant a motion under this Rule simply because it is *filed*, yet that seems to be the import of the bank's argument. By the bank's lights, so long as a motion for new trial is filed within ten days (thereby bringing it within the ambit of Rule 59, rather than Rule 60(b), which has a stricter standard), all default judgments should be vacated in the interests of giving the defaulting party a chance to present its case on the merits. In previous published opinions, however, this court has rejected that broad argument. Recently, the court quoted Judge Richard Posner, who probably said it best: "It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him." *In re Jay-Reyna Homes & Constr., Inc.*, slip op., 2008 WL 783539 (Bankr. W.D.Tex. March 19, 2008) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); *see also Rosenzweig v. Azurix Corp.*, 223 F.3d 854, 863-64 (5th Cir. 2003). While the Fifth Circuit thus endorses hearings on the merits in preference to default judgments, it also does not condone ignoring clear, simple deadlines – especially when no reason is offered for why the deadline was missed in the first place.

The Fifth Circuit made this point (albeit in the context of a Rule 60(b) motion) with regard to the argument that there could be no harm in setting aside a default order disallowing a claim because the Bankruptcy Code permits reconsideration of allowance or disallowance at any time. *See In re Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987). Said the court there, in affirming the lower court's decision not to reconsider a claim, "[T]he bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary, as the court may decline to reconsider without a hearing or notice to the parties involved." *Id.* The court there criticized the movant for not even generally asserting cause for reconsideration under section 502(j). *Id.*

Here, the movant offers no explanation for its failure to timely respond to the motion, instead offering up a legal theory which, if expressed, would undermine the finality of orders on claims and dramatically increase cost and delay in the claims resolution process. After all, by the movant's theory of the matter, the *real* time to respond to a motion is not within the 20 day negative notice period provided by our rules (and by the prominent notice on the pleading itself), but within ten days after the order granting the claims objection. Indeed, the *real* time is even later than that – some period of time after the court *grants* the motion under Rule 59. In this case, for example, the objection to claim was filed February 25, 2008. The court did not even enter the order until well after the 20 day negative notice period had run – March 21, 2008. The movant then filed this motion on April 9, 2009, and *still* has not set out any substantive grounds for why the objection to claim is not well taken. The court cannot and will not endorse that alteration to the administration of claims in bankruptcy cases, but agreeing with movant's logic as presented in this motion would do just that.

The court recognizes that the standard for granting a new trial under Rule 59 is more relaxed than the "excusable neglect" standard in Rule 60(b)(1). However, the touchstone for relief even under Rule 59 is consideration of the equities of the case. Here, the movant has offered the court

nothing to demonstrate why the equities demand relief, other than the broad (and unsustainable) assertion that, if a timely motion under Rule 59(a) is filed, a default order should *always* be set aside as a matter of equity. Here, if anything, the equities of the case *disfavor* setting aside the order sustaining the claims objection. The creditor seeks to shift its attorneys' fees to the debtor (as it is entitled to do under its loan documents). The debtor challenges the propriety of those fees, not wanting to have to pay for services that were not in fact performed. The very attorneys apparently responsible for billing those charges are also (apparently) the attorneys now representing the bank on this claims objection matter – and those attorneys were apparently unable to properly calendar a simple claims objection for a timely response. Equity has no business interceding to spare counsel from its carelessness – especially when the cost is to be transferred from the lawyer's client to the debtor borrower in this bankruptcy case. The truly equitable remedy, it would seem, lies not with forcing the debtor to pay the bank's fees, but with the bank insisting on a refund of fees paid to the law firm. That way, the party that caused the problem – the law firm – also bears the economic consequences.

      The motion for new trial or for reconsideration is accordingly denied.

# # #